SCALES *v.* THE STATE.

Conviction of larceny was not sustained by evidence showing that the accused and his son rented land from one who agreed for them to have the first two bales of cotton gathered, but subsequently (while the son was engaged in packing the second bale) told the son that he could not have that bale, to which the son agreed, but the accused was not then present and (so far as appears) had no notice of this agreement; and that this bale was not weighed, graded or priced, and remained at the same public gin for some time, until the accused and his son went publicly in the daytime, put the cotton on a wagon, carried it on the public road to market and sold it, leaving a smaller bale in its place.

May 12, 1890.

Larceny. Criminal law. Evidence. Verdict. Landlord and tenant. Title. Before Judge JENKINS. Putnam superior court. September term, 1889.

Reported in the decision.

H. A. JENKINS, by HARRISON & PEEPLES, for plaintiff in error.

H. G. LEWIS, solicitor-general, by H. T. LEWIS, for the State.

SIMMONS, Justice.

We think, under the evidence in this case, the court should have granted a new trial. The defendant and his son rented land from Pound, who agreed for them to have the first two bales of cotton which were gathered. Subsequently he told the son that he could not let him have two bales, that he (Pound) must have the second bale himself, to which the son agreed. But the father, the defendant in the court below, was not present during this conversation, nor was it shown that he ever had

any notice of the agreement between his son and Pound. At the time when Pound told the son that he could not let him have the second bale, the son was engaged in packing the bale, and replied, "All right." The bale was not weighed, no price was agreed upon, nor was the grade of the cotton fixed. The cotton seems to have remained at the public gin for some time, until the father and son hauled it to market and sold it They went to the gin in the daytime, publicly, put the cotton on the wagon, carried it on the public road to market and sold it. They left a bale of cotton in its place, but not so large a one as the one which they took to market. The father and son jointly having rented the land from Pound, the title to the cotton was in them. And unless both of them had agreed that Pound should have that particular bale and had delivered it to him and he had taken possession of it for his rent, the title would not have passed so as to make it larceny by the father in taking it and carrying it away. The father knew nothing of the agreement which the son is said to have made, and, besides, that agreement seems to have been an executory one, as there was no actual delivery of the cotton to Pound. In the case of *Love* v. *The State*, 78 *Ga.* 71, this court said: "That the defendant could not be indicted for stealing corn when he had not parted with the title, and had only entered into a contract to part with it, which was inchoate and not fully performed by either of the parties, we think, is too plain to admit of doubt. To justify his conviction, the evidence should have removed all reasonable doubt upon this point." Besides, it appears that Pound had told the defendant in the court below that he could take the two first bales; and it does not appear that he ever had any notice that Pound had changed his mind in this respect and had so informed the son. We cannot therefore see how the defendant could have been con-

victed of larceny, under these facts. So far as the record discloses, the title to the cotton in part was in him, and he could not well be guilty of stealing his own cotton, the possession of which he had never parted with.

*Judgment reversed.*